# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs August 16, 2005

## STATE OF TENNESSEE v. PATRICK HYDER

**Appeal from the Criminal Court for Washington County**
**No. 28733     Robert E. Cupp, Judge**

---

**No. E2005-00364-CCA-R3-CD  Filed September 27, 2005**

---

A Washington County Criminal Court jury convicted the defendant, Patrick Hyder, of two counts of aggravated sexual battery, a class B felony, and the trial court sentenced him to eight years for each count to be served concurrently in the Department of Correction.  The defendant appeals, contending that the trial court erred in reassembling the jury to announce its verdict and polling the jury after it had been discharged.  We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Donald E. Spurrell, Johnson City, Tennessee, for the appellant, Patrick Hyder.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Joe C. Crumley, Jr., District Attorney General; Dennis Dwayne Brooks, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

This case relates to the defendant's sexually abusing his son.  A Washington County grand jury indicted the defendant on one count of rape of a child, a Class A felony, and one count of aggravated sexual battery, a Class B felony.  The trial began on August 11, 2004, and the jury reached a verdict on August 13.  The defendant was hospitalized the night before the verdict was reached and was unable to be present on August 13.  Even though the defendant was not present on August 13, the trial court allowed the jury to continue deliberating until it reached a verdict.

The trial court told the jury that the defendant had been hospitalized.  The jury foreman said that the jury had reached a verdict on both counts and that he had filled out the verdict forms.  The verdict forms were sealed in an envelope and initialed by counsel.  The trial court told the jury that it could not return a verdict until the defendant was present.  The trial court said that once the

defendant was out of the hospital, it would bring the jury back to announce the verdict. The trial court instructed the jurors not to talk to anyone about the verdict in the case and had them swear under oath. However, the trial court told the jurors that they could read about the case or talk about the case with their "loved ones, or whoever asks." The trial court told the jurors it would contact them when it was time for them to come back and announce the verdict. The trial court then thanked the jurors for their service and told them to call back the following Monday.

On August 23, 2004, the defendant filed a motion to declare a mistrial, and the motion was denied. The same day, the jury was reassembled to announce its verdict. The trial court asked if any of the jurors had discussed the verdict in the case. Each of the jurors acknowledge that he or she had not. The sealed envelope containing the verdict forms was returned to the foreman, who opened the envelope and read the verdict. The jury found the defendant guilty of aggravated sexual battery, sexual battery, and assault in count one. The jury found the defendant guilty of aggravated sexual battery, child abuse, and assault in count two. The trial court said it could not send the jury back to clarify the verdict because it had commingled. The trial court accepted the guilty verdict and asked the jurors to raise their hands if the verdict announced was their verdict. The defendant requested a formal polling of the jury and the trial court polled each juror.

The defendant contends that the trial court erred in reassembling the jury to announce its verdict after being discharged. He claims the trial court erred by allowing jurors to discuss the case, thereby violating the rules of sequestration and working as an overt discharge. He claims this was error because it denied him the right to poll the jury before contamination. The state contends that when the jury was reassembled it did not deliberate or take any further action, other than to announce the verdict. The state asserts that the defendant failed to object to the trial court's release of the jury pending the defendant's availability to be present for the verdict. The state also asserts that the defendant has failed to claim any prejudice. Finally, the state argues that because no prejudice is alleged and no judicial action was taken by the jury, any error in reassembling the jury was harmless.

Initially, we note the defendant has failed to include the trial transcript in the record on appeal but did include a transcript of the jury verdict. Tennessee Rule of Criminal Procedure 31(a) provides: "The verdict shall be unanimous. It shall be returned by the jury to the judge in open court." If either party requests a polling of the jury after the verdict returns, there must be a unanimous concurrence before the verdict can be recorded. See Tenn. R. Crim. P. 31(d). We note that the Sixth Circuit Court of Appeals concluded that the existence of Federal Rule of Criminal Procedure 31(d), which is identical to Tennessee Rule of Criminal Procedure 31(d), "compels the conclusion that a verdict is not final when announced." United States v. Love, 597 F.2d 81, 84-85 (6th Cir. 1979). A verdict becomes final once it is returned in open court, the parties are given an opportunity to poll the jurors, and polling indicates a unanimous verdict. Id. The purpose of polling the jury is to ensure that each juror approves the verdict before it is entered. Id.

Once a jury is discharged and outside contacts may have occurred, a jury may not reconvene for "the taking of any action whatever involving the fate of the accused." State v. Green, 995 S.W.2d 591, 612 (Tenn. Crim. App. 1999) (quoting State v. Clarke, 97 S.W.2d 644, 646 (Tenn. 1936)). The important factors in determining if a jury has been discharged are: 1) the separation from the

presence of the trial court and 2) the opportunity for outside contacts or influences. See Green, 995 S.W.2d at 612-13. In Green, the court found the trial court discharged the jury when it failed to give the customary admonishments to the jury about improper influence and allowed jurors to exit into an area of the courthouse occupied by the general public. Id. at 613-14. Once separation of a sequestered jury is shown, the state has the burden to show that no prejudice occurred. See Gonzales v. State, 593 S.W.2d 288 (Tenn. 1980). When the jury is not sequestered, the defendant must show prejudice of one or more jurors. State v. Blackwell, 664 S.W.2d 686, 689 (Tenn. 1984).

However, the record in the present case reflects that the defendant failed to object to either the discharge of the jury after the trial court accepted the sealed verdict or the trial court's instructions to the jury. The record shows that the trial court told jurors they could talk about the case or read about it but that they could not reveal their verdict. At the conclusion of accepting the sealed verdict and instructing the jury, the following exchange occurred:

> COURT: Everybody all right with it? [Defense Counsel] you're alright with the way we handled [it]?
>
> [DEFENSE]: Yes, Your Honor.
>
> COURT: Okay. General Brooks, you alright with the way it's handled?
>
> [STATE]: Yes, Your Honor.
>
> COURT: Anything more I need to do or say? Anybody? Tell me if so?
>
> [DEFENSE]: I don't think so.
>
> [STATE]: No.
>
> COURT: You're free to go. Thank you.

We conclude that the trial court should not have instructed the jurors that they could talk to anyone about the case, which allowed for the possibility that the jury could be contaminated before polling. However, the defendant's failure to object at trial constitutes waiver of this issue. See T.R.A.P. 36(a).

## CONCLUSION

Based on the foregoing and record as a whole, we affirm the judgments of the trial court.

_____
JOSEPH M. TIPTON, JUDGE